Richard MEYER; Stella Meyer, Plaintiffs—Appellants,

v.

GENERAL NUTRITION CENTER; General Nutrition Corporation; General Nutrition Products, Inc., Defendants,

and

Showa Denko K.K., a Japanese corporation; Showa Denko America, Inc., a New York corporation, Defendants—Appellees.

Richard Meyer; Stella Meyer, Plaintiffs—Appellants,

v.

Showa Denko K K; Showa Denko America, Inc.; Gen Nutrition Corporation; General Nutrition Products, Inc., Defendants—Appellees.

Nos. 03–56883, 03–57224.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided June 15, 2005.

John C. Taylor, Esq., Taylor & Ring, Los Angeles, CA, for Plaintiffs—Appellants.

Jerone J. English, Esq., Pillsbury Winthrop LLP, Los Angeles, CA, Donald Morgan, Esq., Cleary, Gottlieb, Steen & Hamilton, Washington, DC, for Defendants.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

## MEMORANDUM **

Plaintiffs Richard and Stella Meyer allege that Mr. Meyer consumed nutritional supplements containing L-tryptophan, an amino acid, manufactured by defendant Showa Denko. They further allege that the Showa Denko L-tryptophan caused Mr. Meyer to develop eosinophilia-myalgia syndrome (EMS), a painful and debilitating auto-immune disease. The Meyers seek to prove that Mr. Meyer had taken L-tryptophan manufactured by Showa Denko through expert testimony from Dr. Gerald Gleich. The district court excluded Dr. Gleich's testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), because it concluded that Dr. Gleich's opinion that Showa Denko manufactured L-tryptophan is the sole cause of EMS is not supported by the scientific literature. The district court then granted summary judgment for Showa Denko. We now reverse the district court's exclusion of Dr. Gleich's testimony and therefore also reverse the district court's grant of summary judgment to Showa Denko.

### I

We review the district court's decision to exclude expert testimony for an abuse of discretion. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Here, the district court abused its discretion when it excluded Dr. Gleich's expert testimony. In *Daubert*, the Supreme Court set out the relevant standard by which courts should determine whether to admit expert testimony into evidence. The Court held that the guiding factors in this determination

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

are whether the expert testimony reflects "(1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." 509 U.S. at 592. We have since described the *Daubert* rule as requiring that we focus our inquiry on the "principles and methodology underlying the expert's testimony, not on the conclusion." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1228 (9th Cir.1998).

Dr. Gleich in his affidavit stated that "[t]he fact that [Mr. Meyer] has EMS and that Showa Denko contaminated L-tryptophan has been shown to be the only cause of this condition establishes to a reasonable medical certainty that Mr. Meyers EMS was caused by consumption of Showa Denko L-tryptophan." He based this statement on his understanding of the scientific literature as well as on his own substantial research of EMS. The district court nonetheless excluded Dr. Gleich's affidavit because it found fault with Dr. Gleich's conclusions. But, as we stated in *Kennedy*, it is the "principles and methodology" underlying the testimony—not the conclusions—that properly inform a *Daubert* analysis. *Kennedy*, 161 F.3d at 1228. Here, the principles and methodology underlying Dr. Gleich's affidavit have sufficient scientific basis that the district court abused its discretion when it excluded his statements in support of the Meyers.

## II

We review the district court's grant of summary judgment de novo. *See Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131–32 (9th Cir.2003). Here,

Dr. Gleich's affidavit creates a material issue of fact as to how Mr. Meyer contracted EMS.

Because we hold that Dr. Gleich's affidavit was improperly excluded, we also hold that the district court improvidently granted Showa Denko's motion for summary judgment.

**REVERSED** and **REMANDED**.